UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS WINDOWS, INC., <br><br> Plaintiff, <br><br> -v- <br><br> S. & J. SHEET METAL SUPPLY INC., <br><br> Defendant. | 25 Civ. 2532 (PAE) <br><br> ORDER |
| S. & J. SHEET METAL SUPPLY INC., <br><br> Third-Party Plaintiff, <br><br> -v- <br><br> HOLCIM US INC., <br><br> Third-Party Defendant. | |

PAUL A. ENGELMAYER, District Judge:

Defendant and third-party plaintiff S. & J. Sheet Metal Supply, Inc. ("S&J") moves for leave to amend its third-party complaint to implead two more third-party defendants. The motion is unopposed. For the following reasons, the Court grants the motion.

I.    **Background**

The Court assumes familiarity with this case. Thomas Windows, Inc. ("Thomas Windows") sues S&J for breach of the warranty of merchantability. Dkt. 1 ("complaint") ¶ 1. The complaint alleges that S&J supplied pre-painted metal railing to Thomas Windows for the exterior of a residential apartment building. *Id.* It alleges that the railing was defective because its paint began peeling months after installation. *Id.*

On May 27, 2025, S&J filed a third-party complaint against Holcim US Inc. ("Holcim"). Dkt. 10 ("third-party complaint").  The third-party complaint alleges that S&J fabricated the railing at issue using pre-painted aluminum supplied by Holcim, rendering Holcim liable for contribution and indemnification.  *Id.* at 11–13.

On December 3, 2025, the Court so-ordered the parties' proposed case management plan. Dkt. 29.  It required, *inter alia*, "[a]ny motion to amend or to join additional parties" to be filed by January 2, 2026.  *Id.* ¶ 3.

On January 5, 2026, S&J moved for leave to amend the third-party complaint to add two additional third-party defendants—BlueScope Coated Products ("BlueScope") and Pre-Coat Metals, Kingsbury ("Kingsbury")—and attached its proposed amended third-party complaint. Dkts. 32-1 ("motion") at 1; 32-3 ("amended third-party complaint" or "ATPC").  Thomas Windows and Holcim do not oppose.  *See* Dkts. 33–34.

## II.    Discussion

Under Federal Rule of Civil Procedure 14, a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  After the deadlines in Rule 15(a)(1) have passed, a party may amend its pleading only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(2).  "The court should freely give leave when justice so requires."  *Id.*  Joinder of defendants is permitted where, *inter alia*, such claims arise out of the same transaction or occurrence as earlier claims, and present "any question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2).  When deciding whether to allow joinder, courts "apply the same standard of liberality" for motions to amend pleadings under Rule 15.  *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008) (citation omitted).

Here, S&J's current third-party complaint asserts indemnification and contribution claims only against third-party defendant Holcim.  The ATPC would add third-party defendants BlueScope and Kingsbury, and bring the same claims on the same theories of liability.  ATPC ¶ 1, 3.  It alleges that these entities "pretreated, coated, and finished" the aluminum from which S&J fashioned the allegedly defective railing.  *Id.* ¶ 10.  Its claims thus arise from the same transaction or occurrence already at issue in this case: the manufacture of the allegedly defective railing.  It presents nearly identical questions of law and fact as those already implicated.  There is no suggestion of any factor that might warrant denial of the motion—to wit, undue delay, bad faith, futility or repeated failure to cure deficiencies in earlier amendments, or undue prejudice.  The motion is unopposed.  And allowing impleader here would promote efficiency, by obviating the potential need for S&J to bring a separate action against BlueScope and Kingsbury over the same factual issues.

The Court accordingly grants the motion to amend the third-party complaint, to add BlueScope and Kingsbury as third-party defendants.  *See, e.g.*, *N.Y. Wheel Owner LLC v. Mammoet Holding B.V.*, 481 F. Supp. 3d 216, 250 (S.D.N.Y. 2020) (allowing amendment of third-party complaint to add third-party defendants where no party showed prejudice, undue delay, or futility); *Danaher Corp. v. The Travelers Indem. Co.*, No. 10 Civ. 121, 2016 WL 1255739, at *3–4 (S.D.N.Y. Mar. 30, 2016) (similar).

### CONCLUSION

For the above reasons, the Court grants the motion to amend.  S&J shall file the ATPC by February 6, 2026.  Thereafter, the parties—including the two new third-party defendants—shall confer promptly and, by February 20, 2026, file a proposed amended case management plan,

with no more than modest extensions, that sets deadlines (1) for the new third-party defendants

to respond to the ATPC, and (2) to complete discovery as to the new third-party defendants.

SO ORDERED.

Date:  February 2, 2026
       New York, New York

PAUL A. ENGELMAYER
United States District Judge

4