UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THOMAS WINDOWS, INC., <br><br>        Plaintiff, <br><br>    -v- <br><br> S. & J. SHEET METAL SUPPLY, INC., <br><br>        Defendant. | 25 Civ. 2532 (PAE) <br><br> <u>ORDER</u> |
| S. & J. SHEET METAL SUPPLY, INC., <br><br>        Defendant/Third-Party Plaintiff, <br><br>    -v- <br><br> HOLCIM US INC., BLUESCOPE COATED PRODUCTS, *and* PRECOAT METALS KINGSBURY, <br><br>        Third-Party Defendants. |  |

PAUL A. ENGELMAYER, District Judge:

Third-party defendant Precoat Metals Kingsbury ("Precoat") moves to stay all discovery as to it, pending resolution of its anticipated motion to dismiss the Amended Third-Party Complaint ("ATPC") for lack of personal jurisdiction, under Federal Rule of Civil Procedure 12(b)(2). Dkt. 63. Defendant and third-party plaintiff S. & J. Sheet Metal Supply, Inc. ("S&J") opposes the stay or, alternatively, requests to take jurisdictional discovery from Precoat. Dkt. 66. For the following reasons, the Court (1) allows S&J to take limited expedited jurisdictional discovery from Precoat, and (2) grants Precoat's request to stay merits discovery as to it, pending expedited jurisdictional discovery and briefing on personal jurisdiction.

## I.    Background

The Court assumes familiarity with the background of this case.  In brief:  Plaintiff Thomas Windows, Inc. ("Thomas Windows") is suing S&J under New York state law for breach of warranty.  Dkt. 1 ("Complaint") ¶ 1.  The Complaint alleges that S&J supplied Thomas Windows with pre-painted metal railing cladding, which Thomas Windows installed on a large apartment building in New Jersey.  *Id.* ¶¶ 1, 9.  Month later, it alleges, the paint on the cladding began peeling, resulting in damages to Thomas Windows.  *Id.*

On February 4, 2026, S&J filed the ATPC.  It claims common-law indemnification and contribution against third-party defendants Precoat, Holcim US Inc. ("Holcim"), and BlueScope Coated Products ("BlueScope").  ATPC ¶¶ 1–3.  It alleges that S&J fabricated the defective cladding using aluminum sourced from Holcim.  *Id.* ¶ 9.  Relevant here, it alleges that Precoat "is engaged in the pretreatment, coil coating, and application of primers and topcoats to aluminum substrates."  *Id.* ¶ 6.  It alleges that the aluminum from Holcim "was pretreated, coated, and finished by or through Holcim, Precoat, and BlueScope prior to delivery to S&J."  *Id.* ¶ 10 (cleaned up).  It alleges that any peeling paint was caused by defects in these entities' pretreatment of the aluminum.  *Id.* ¶ 14.

The Court has ordered a discovery schedule and case management plan covering all parties save Precoat.  *See* Dkts. 29, 65 (fact discovery to close by July 31, 2026, and expert discovery by September 18, 2026).  On April 1, 2026, Precoat moved to stay all discovery as to it.  Dkt. 63 ("Mot.").  On April 6, 2026, S&J opposed.  Dkt. 66 ("Opp'n").

## II.    Applicable Legal Standard

Under Federal Rule of Civil Procedure 26(c), a court has "considerable discretion" to stay discovery for good cause.  *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL

2777076, at *1 (S.D.N.Y. Sept. 1, 2009). Factors relevant to whether good cause has been shown include: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Miller v. Brightstar Asia, Ltd.*, 2020 WL 7483945, at *2 (S.D.N.Y. Dec. 21, 2020) (citation omitted). The party seeking a stay bears the burden of demonstrating good cause. *Id.*

A court similarly has "substantial discretion" in deciding whether to allow jurisdictional discovery. *Bayshore Cap. Advisors, LLC v. Creative Wealth Media Fin. Corp.*, 667 F. Supp. 3d 83, 150 (S.D.N.Y. 2023) (citation omitted); *see also Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 446 (2d Cir. 2019) (district court has "considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction"). "[T]he bar for granting jurisdictional discovery is low, and it is appropriately granted where a plaintiff's allegations make a sufficient start toward establishing personal jurisdiction." *Reed Int'l, Inc. v. Afghanistan Int'l Bank*, 657 F. Supp. 3d 287, 298 (S.D.N.Y. 2023) (citation omitted); *see also APWU v. Potter*, 343 F.3d 619 (2d Cir. 2003) ("a court should take care to give plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction" (cleaned up)). But where a plaintiff fails to make a "prima facie case for personal jurisdiction, jurisdictional discovery is generally not granted." *Id.*

### III.    Discussion

All three factors favor a brief stay of merits discovery as to Precoat, pending expedited jurisdictional discovery and briefing on whether the Court has personal jurisdiction over it.

First, on the limited and preliminary review appropriate to evaluating a stay application, Precoat has raised substantial factual questions whether the Court has personal jurisdiction over

Precoat.  S&J is a New York company with its principal place of business in the Bronx. Complaint ¶¶ 1, 3.  It faces claims by Thomas Windows for installing allegedly defective aluminum cladding in a New Jersey apartment building.  *Id.*  The ATPC alleges that S&J purchased precoated aluminum for the cladding from Holcim, which in turn sourced it from Precoat and BlueScope.  ATPC ¶¶ 6, 10, 14.  Salient here, Precoat is incorporated in Indiana and has its principal place of business in Missouri.  Dkt. 58 ("Rule 7.1 Statement") at 1.  Because Precoat's domicile is outside New York, general jurisdiction is lacking.  *See Bristol-Myers Squibb Co. v. Sup. Ct. of California*, 582 U.S. 255, 262 (2017).  Due process thus requires specific jurisdiction.  *See id.*

To determine whether specific jurisdiction exists, courts ask whether (1) the defendant purposely directed its activities at the forum and the litigation arises out of or relates to those activities, and (2) whether the assertion of personal jurisdiction would comport with fair play and substantial justice.  *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 136 (2d Cir. 2014).  These questions both turn on whether Precoat intended for the pretreated aluminum at issue to be sold to entities in New York, such as S&J.  S&J has made at least a prima facie case for specific jurisdiction by alleging that it, as a New York corporation, purchased aluminum from Holcim that had been treated by Precoat.  ATPC ¶¶ 6, 10, 14.  That entitles S&J to jurisdictional discovery.  But on the present record, that is the only connection between Precoat and New York, and it is unknown whether Precoat understood that its wares would be transported to New York.  Given the uncertainty of personal jurisdiction over it and the need for further factual development on this point, Precoat has shown good cause for a brief stay of merits discovery as to it, pending jurisdictional discovery and the Court's ruling on whether personal jurisdiction exists.

Second, the scope of anticipated discovery and the burdens it may present favor a stay. Precoat reasonably anticipates—and S&J does not dispute—that the merits discovery S&J seeks from Precoat will require document collection, witness identification, and depositions. These have the capacity to "drain[] the parties' resources" while Precoat's anticipated motion to dismiss pends. *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Particularly given the costly and time-consuming nature of modern electronic discovery in civil lawsuits such as this one, this factor counsels a stay. And, in the event that personal jurisdiction is lacking, such has the capacity to significantly reduce discovery, such that a stay may meaningfully conserve the parties' resources.

Third, S&J has not shown a significant risk of unfair prejudice from a brief stay keyed to expedited discovery and resolution of its intended motion to dismiss. Indeed, S&J asserts that even if Precoat is ultimately dismissed from this case, it will still seek third-party discovery from it "regarding the pretreatment and coating of the subject materials." Opp'n at 2. To further reduce any risk of unfair prejudice, the Court directs Precoat to preserve all relevant materials while this action is pending, regardless of whether it remains a party.

***Overall assessment***: S&J is entitled to jurisdictional discovery on whether specific jurisdiction exists as to Precoat. *See, e.g.*, *Reed Int'l*, 657 F. Supp. 3d at 298 (S.D.N.Y. 2023) (such is appropriate where plaintiff makes "sufficient start toward establishing personal jurisdiction" (cleaned up)); *Daventree Ltd. v. Rep. of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) (similar). All three factors otherwise favor a brief stay of merits discovery, pending such expedited jurisdictional discovery and briefing as to personal jurisdiction. Precoat has therefore shown good cause for that stay. *See, e.g.*, *Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (granting stay of discovery pending motion to dismiss where all three factors favored stay);

5

*Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (same); *see also Spencer Trask Software & Info. Servs.*, 206 F.R.D. at 368 (same where defendants had "substantial arguments" for dismissal and plaintiffs would face no prejudice, despite discovery not being burdensome).

### CONCLUSION

For the reasons above, the Court grants Precoat's motion to stay merits discovery, pending expedited jurisdictional discovery and briefing, as detailed below, on whether this Court has personal jurisdiction over Precoat.

Jurisdictional discovery shall be narrowly limited to document discovery. Such discovery shall be limited to documents bearing on (1) written communications between Precoat and Holcim in connection with the contract or business arrangement between them with respect to Precoat's supply of materials to Holcim and/or S&J; and/or (2) whether Precoat knew or had a reason to believe that these materials would enter New York. Such document discovery is to be completed by April 24, 2026.

By May 1, 2026, Precoat shall file any motion to dismiss. If Precoat files such a motion, S&J's opposition will be due May 8, 2026. Precoat's reply, if any, will be due May 15, 2026.

To avoid any risk of unfair prejudice to S&J, Precoat shall preserve all documents and other evidence relevant to the Complaint or ATPC while this action is pending, regardless whether Precoat remains a party. By April 17, 2026, Precoat shall file a letter on the docket of this case, setting out the steps it has taken to ensure that such materials have been preserved.

The Clerk of Court is respectfully directed to terminate the pending motion at docket 63.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: April 9, 2026
       New York, New York